IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ZECH FARMS TRUCKING, INC., a Nebraska Corporation, | ) ) ) | Case No. 8:11CV51 |
| Plaintiff and Counterclaim Defendant, | ) ) ) ) | |
| vs. | ) ) | **STIPULATED PROTECTIVE ORDER** |
| ABENGOA BIOENERGY OF NEBRASKA, L.L.C., a Nebraska Limited Liability Company, | ) ) ) ) ) | |
| Defendant, Counterclaimant and Third-party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| BRAD ZECH, an individual, | ) ) | |
| Third-party Defendant. | ) | |

This matter is before the Court upon the parties' stipulation for entry of a protective order (filing 32). The Court being duly advised of the premises herein, enters a protective order as follows:

1. The parties anticipate that they will seek information which may be designated as containing proprietary business and financial information, personnel information, personal information, and/or trade secrets (hereinafter "Confidential Information"). Any documents produced or information provided by a party pursuant to or in response to any discovery request may be designated by either party as "confidential" in the following manner:

   a. By imprinting the word "confidential" on the first page or cover of any document produced;

1

    b.     By imprinting the word "confidential" next to or above any answer to any Interrogatory or any other discovery request;

    c.     With respect to portions of a deposition transcript, by making arrangements with the attending court reporter to bind the confidential portion(s) of such transcripts separately and labeling them as "confidential;" and

    d.     With respect to electronic information, by describing the information to the fullest extent possible and noting, in writing, that the described information is confidential. If such information is reproduced in paper form, such paper document may also be designated as "confidential."

2. All documents and information provided by a party in response to a discovery request or deposition testimony designated as "confidential" shall be subject to the following restrictions:

    a.     They shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever;

    b.     They shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

          (1)    The attorneys of record and persons employed by them;

          (2)    Outside experts and consultants who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph d. hereof;

          (3)    This Court and Court personnel; and

          (4)    Such other persons as the Court may specifically approve after notice and hearing.

    c.     That all information designated as "Confidential" Information in whatever format shall be furnished only under the terms of this Protective Order and shall be treated by all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall

        neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent order of the Court upon motion.

d.     This Confidential Information shall not be disclosed to anyone except those categories of persons provided herein or those who have signed a Nondisclosure Agreement and to whom disclosure is necessary for the purposes associated with this lawsuit. Counsel of record, experts, consultants, and other persons or entities retained to assist a party in this lawsuit who have signed a Nondisclosure Agreement shall appropriately notify such employee(s) that the disclosure is made in confidence and must be kept in confidence in accordance with this Protective Order.

e.     Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the party designating such information as confidential or order of the Court.

f.     No access to Confidential Information shall be provided to any individual, other than the Plaintiffs or Defendant and their counsel of record, until the individual to be accorded access has signed a Nondisclosure Agreement in the form attached as Exhibit "A", attached hereto, certifying that they have read this Protective Order and agree to be bound by its terms and such executed Nondisclosure Agreement has been provided to counsel.

g.     In the event a party learns of information which causes any one or all of them to have a good faith concern that a signatory to a Nondisclosure Agreement is employed by or affiliated with any business or enterprise that is a competitor of a party and otherwise poses a threat that disclosure of Confidential Information to the signatory will create a reasonable risk that the information could be used in a manner that could harm that party's business interests, that party may file an objection to disclosure of Confidential Information to such signatory with the Court. In such an event, no Confidential Information will be provided to such signatory until the Court determines whether disclosure will be permitted.

h.     Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel desire to present

        at trial.  If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

    i.    There shall be no reproduction whatsoever of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

    j.    All documents, information identified as "confidential," including all copies, excerpts and summaries, must be retained in the custody of counsel or other persons authorized by this Protective Order during the pendency of this litigation.

    k.    All Confidential Information filed with the Court shall be filed and maintained under seal until further order of the Court.  The filing party shall include a notice to the Court and other parties that the document filed contains "Confidential" or "Protected Material" subject to the provisions of this Order.

3.    Acceptance by a party of any information, document or thing identified as "confidential" hereunder shall not constitute a concession that the information, document or thing is confidential.  If, subsequent to the acceptance of information or documents identified as confidential, a party wishes this Court to rule upon the other party's claim of confidentiality, that party may move this Court for such determination. In the resolution of such motion, the burden of establishing the confidentiality of the information or document shall be on the party who made the claim of confidentiality. However, materials designated as confidential shall be treated as such pending resolution of the motion by the Court.  It is, however, acknowledged by the parties that, without limitation, the following information may be claimed as being "confidential":

    a.    Information that is not normally available to the parties without restriction;

    b.    Information that is not a part of the public domain;

  c.  Information of a third party that is deemed confidential by the third party and which was made available to the disclosing party pursuant to the terms of a confidential/restricted information agreement.

Provided that nothing herein shall preclude either party from challenging in court the confidential status of any document.

  4. In the event that a party shall desire to provide access to information or documents identified as "confidential" hereunder to any person or category of persons not identified above, it shall move this Court for an order that such a person or category of persons may be given access to the information.  In the event that the motion is granted, such person or category of persons may have access to the information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Protective Order, or other conditions as the Court may order.

  5. Upon final termination of this action, including all appeals, all confidential documents and any other confidential information of the other party which was provided in discovery, including any copies, excerpts, or summaries that have been prepared from or utilizing such information by a party, its counsel, or other persons or entities retained to assist such party in this litigation, shall be returned to the opposing party's counsel or destroyed by counsel and a certificate of the destruction of such information provided to opposing counsel; provided, however, that (i) in no event shall counsel be obligated to turn over to opposing counsel any items which constitute attorney work product (as defined by applicable law) and (ii) counsel shall be entitled

to retain one copy of all information as part of its permanent litigation file and such information shall remain subject to the confidentiality obligations of this Order.

**DATED November 22, 2011.**

**BY THE COURT:**

**S/ F. A. Gossett**
**United States Magistrate Judge**

## EXHIBIT A

## NONDISCLOSURE AGREEMENT

I, _____, certify that I have read the Protective Order entered in the case of Zech Farms Trucking, Inc. et al. v. Abengoa Bioenergy of Nebraska, LLC, in the United States District Court for the District of Nebraska, Case No. 8:11cv51. I understand the terms of that Protective Order and I agree to be bound by its terms.

_____