IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZECH FARMS TRUCKING, INC., a Nebraska corporation, and BRAD ZECH, an individual,        ) ) ) ) | |
| Plaintiffs,        ) ) | 8:11CV51 |
| V.                          ) ) | |
| ABENGOA BIOENERGY OF NEBRASKA, L.L.C., a Nebraska Limited Liability Company,        ) ) ) ) | ORDER |
| Defendant.        ) ) | |

Abengoa Bioenergy of Nebraska, LLC ("Defendant") has filed a motion (filing 49) requesting that the court order Town & Country Bank ("Town & Country"), a non-party to this action, to produce documents requested in the Rule 45 subpoena duces tecum that Defendant served upon Town & Country. Defendant's motion will be granted.

BACKGROUND

On February 8, 2012, Defendant sent notice of its intent to serve a Rule 45 subpoena on Town & Country. Plaintiffs' counsel waived objections and Town & Country was served with a subpoena duces tecum on February 10, 2012. The subpoena requested Town & Country to produce bank account statements for three individuals who are not parties to this suit. The subpoena directed Town & Country, a business located in Ravenna, Nebraska, to produce the requested documents by mail to the law offices of Defendant's attorney in Omaha, Nebraska.

In a letter dated February 16, 2012, Town & Country objected to the subpoena on two grounds. First, Town & Country claimed that the subpoena would require it to produce documents at a distance of greater than one hundred miles from where it regularly transacts

business, in violation of Fed. R. Civ. P. 45. Second, Town & Country contended that the subpoena was objectionable because it requested confidential financial information from non-parties in violation of Neb. Rev. Stat. § 8-1401. Defense counsel and counsel for Town & Country were unable to resolve Town & Country's objections. This motion followed. Town & Country has not responded to the motion.

## ANALYSIS

Town & Country first objects to Defendant's subpoena on the ground that it requires Town & Country to attend or produce documents at a distances greater than one hundred miles from its place of business in contravention of Fed. R. Civ. P. 45. Rule 45 allows a party to obtain documents from a non-party through the use of a subpoena duces tecum. However, a court may quash or modify a subpoena if it "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . ." Fed. R. Civ. P. 45. Defendant's subpoena does not require Town & Country to travel more that one hundred miles from its regular place of business in Ravenna, Nebraska to produce the documents. Rather, the subpoena directs Town & Country to mail the documents to defense counsel in Omaha, Nebraska. Several courts have concluded that the one hundred mile travel restriction in Rule 45 does not apply to subpoenas that require a production of documents by mail. *See Walker v. Center for Food Safety*, 667 F.Supp.2d 133 (D.D.C. 2009); *U.S. Bank Nat. Ass'n v. James*, 264 F.R.D. 17, 19-20 (D. Me. 2010). Because Town & Country need not appear in person to comply with the subpoena, the subpoena may be enforced. Town & Country's one hundred mile objection to Defendant's subpoena is overruled.

Town & Country further objects to Defendant's subpoena because the subpoena requests the production of confidential financial information. Neb. Rev. Stat.§ 8-1401 provides that a Nebraska corporation "shall [not] be required to disclose any records or information, financial or otherwise, that it deems confidential concerning its affairs or the affairs of any person with which it is doing business to any person, party, agency, or organization." Neb. Rev. Stat.§ 8-1401. However, the statute permits the disclosure of such confidential information if "[t]here is first presented to such person a subpoena, summons,

or warrant issued by a court of competent jurisdiction." *Id*. A subpoena was issued and served upon Town & Country. Therefore, Town & Country's statutory objection is overruled.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Compel Production of Documents ([filing 49](#)) is granted. Town & Country shall produce, by mail, the requested documents by or before May 17, 2012.

2. The documents produced by Town & Country shall be used solely for purposes of this action and the disclosure of these documents shall be limited to those involved in the litigation.

3. Town & Country, having provided an adequate excuse for its failure to comply with the subpoena, will not be ordered to pay the attorneys' fees Defendant incurred in bringing this motion.

**DATED May 3, 2012.**

                                                  **BY THE COURT:**

                                                  S/ F.A. Gossett
                                                  **United States Magistrate Judge**